UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AIRCRAFT TECHNICAL PUBLISHERS, | Case No. Civil Action No. C07-04154 SBA |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| AVANTEXT, INC., | |
| Defendant. | |

AND RELATED COUNTERCLAIM

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation (or any related proceedings, such as an appeal) would be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The Parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2. <u>DEFINITIONS</u>

2.1     <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

1  2.2 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the

2 medium or manner generated, stored, or maintained (including, among other things, testimony,

3 transcripts, electronic or tangible things) that are produced or generated in disclosures or

4 responses to discovery in this matter.

5  2.3 <u>"Confidential" Information or Items</u>: information (regardless of how generated,

6 stored or maintained) or tangible things that qualify for protection under standards developed

7 under F.R.Civ.P. 26(c).

8  2.4 <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely

9 sensitive "Confidential Information or Items" whose disclosure to another Party or non-party

10 would create a substantial risk of serious injury that could not be avoided by less restrictive

11 means.

12  2.5 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a

13 Producing Party.

14  2.6 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery

15 Material in this action.

16  2.7 <u>Designating Party</u>: a Party or non-party that designates information or items that it

17 produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential —

18 Attorneys' Eyes Only."

19  2.8 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as

20 "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

21  2.9 <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained

22 to represent or advise a Party in this action or any related action (e.g. an appeal).

23  2.10 <u>House Counsel</u>: attorneys who are employees of a Party.

24  2.11 <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their

25 support staffs).

26  2.12 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to

27 the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

28 consultant in this action and who is not a current employee of a Party or of a competitor of a

1    Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a

2    competitor of a Party's.  An Expert may be a former employee of the Party who retains the

3    Expert, or a former employee of a competitor, but only if the former employee certifies that

4    he/she has no other relationship with the Party, or competitor, other than acting as an Expert.

5    This definition includes a professional jury or trial consultant retained in connection with this

6    litigation.

7        2.13    Professional Vendors: persons or entities that provide litigation support services

8    (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing,

9    storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

10

11   3. SCOPE

12       The protections conferred by this Stipulation and Order cover not only Protected Material

13   (as defined above), but also any information copied or extracted therefrom, as well as all copies,

14   excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

15   parties or counsel to or in court or in other settings that might reveal Protected Material.

16

17   4. DURATION

18       Even after the termination of this litigation, the confidentiality obligations imposed by this

19   Order shall remain in effect until a Designating Party agrees otherwise in writing, a Court order

20   otherwise directs.

21

22   5. DESIGNATING PROTECTED MATERIAL

23       5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or

24   non-party that designates information or items for protection under this Order must take care to

25   limit any such designation to specific material that qualifies under the appropriate standards. A

26   Designating Party must take care to designate for protection only those parts of material,

27   documents, items, or oral or written communications that qualify – so that other portions of the

28   material, documents, items, or communications for which protection is not warranted are not

1     swept unjustifiably within the ambit of this Order.

2         Mass, indiscriminate, or routinized designations are prohibited. Designations that are

3 shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

4 unnecessarily encumber or retard the case development process, or to impose unnecessary

5 expenses and burdens on other parties), expose the Designating Party to sanctions.

6         If it comes to a Party's or a non-party's attention that information or items that it

7 designated for protection do not qualify for protection at all, or do not qualify for the level of

8 protection initially asserted, that Party or non-party must promptly notify all other Parties that it is

9 withdrawing the mistaken designation.

10         5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see,

11 e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material

12 that qualifies for protection under this Order must be clearly so designated before the material is

13 disclosed or produced.

14         Designation in conformity with this Order requires:

15         (a) <u>for information in documentary form</u> (apart from transcripts of depositions or

16 other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL"

17 or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top or bottom of each

18 page that contains protected material. If only a portion or portions of the material on a page

19 qualifies for protection, the Producing Party also must clearly identify the protected portion(s)

20 (e.g., by making appropriate markings in the margins) and must specify, for each portion, the

21 level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

22 ATTORNEYS' EYES ONLY").

23         A Party or non-party that makes original documents or materials available for

24 inspection need not designate them for protection until after the inspecting Party has indicated

25 which material it would like copied and produced. During the inspection and before the

26 designation, all of the material made available for inspection shall be deemed "HIGHLY

27 CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the

28 documents it wants copied and produced, the Producing Party must determine which documents,

or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top or bottom of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins or within the body of the document) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record through its counsel (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order. During said 20 day period, the entire transcript shall be deemed "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top or bottom of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the

container or containers in which the information or item is stored the legend "CONFIDENTIAL"
or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the
information or item warrant protection, the Producing Party, to the extent practicable, shall
identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly
Confidential – Attorneys' Eyes Only." In the event it is impracticable to identify the protected
portions of tangible items or information produced in some form other than documentary (*e.g.* a
DVD containing thousands of separate files), the Parties agree to meet and confer promptly to
resolve any designation issues regarding any such protected portions.

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to
designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys'
Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection
under this Order for such material. If material is appropriately designated as "Confidential" or
"Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the
Receiving Party, on timely notification of the designation, must make reasonable efforts to assure
that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Unless a prompt challenge to a Designating Party's
confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary
economic burdens, or a later significant disruption or delay of the litigation, a Party does not
waive its right to challenge a confidentiality designation by electing not to mount a challenge
promptly after the original designation is disclosed.

6.2 Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's
confidentiality designation must do so in good faith and must begin the process by providing
counsel for the Designating Party a written explanation of the basis for its belief that the
confidentiality designation was not proper and must give the Designating Party an opportunity to
review the designated material, to reconsider the circumstances, and, if no change in designation
is offered, to explain the basis for the chosen designation. If the challenging Party elects to press

1  its challenge, counsel for the challenging Party shall confer directly (in voice to voice dialogue;

2  other forms of communication are not sufficient) with counsel for the Designating Party, to

3  attempt to resolve the challenge. A challenging Party may proceed to the next stage of the

4  challenge process only if it has engaged in this meet and confer process first. At all times, the

5  burden of showing the designation is appropriate remains with the Designating Party.

6        6.3 Judicial Intervention. A Party that elects to press a challenge to a confidentiality

7  designation after considering the justification offered by the Designating Party may file and serve

8  a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

9  that identifies the challenged material and sets forth in detail the basis for the challenge. Each

10  such motion must be accompanied by a competent declaration that affirms that the movant has

11  complied with the meet and confer requirements imposed in the preceding paragraph and that sets

12  forth with specificity the justification for the confidentiality designation that was given by the

13  Designating Party in the meet and confer dialogue.

14        The burden of persuasion in any such challenge proceeding shall be on the Designating

15  Party. Until the Court rules on the challenge, all parties shall continue to afford the material in

16  question the level of protection to which it is entitled under the Designating Party's designation.

17

18  7. ACCESS TO AND USE OF PROTECTED MATERIAL

19        7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or

20  produced by another Party or by a non-party in connection with this case only for prosecuting,

21  defending, or attempting to settle this litigation or any related action (e.g. an appeal). Such

22  Protected Material may be disclosed only to the categories of persons and under the conditions

23  described in this Order. When the litigation has been terminated, a Receiving Party must comply

24  with the provisions of section 11, below (FINAL DISPOSITION).

25        Protected Material must be stored and maintained by a Receiving Party at a location and

26  in a secure manner that ensures that access is limited to the persons authorized under this Order.

27        7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by

28  the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any

1 information or item designated CONFIDENTIAL only to:

2     (a) the Receiving Party's Outside Counsel of record in this action, as well as

3 employees of said Counsel to whom it is reasonably necessary to disclose the information for this

4 litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

5 hereto as Exhibit A;

6     (b) the officers, directors, and employees (including House Counsel) of the

7 Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

8 signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

9     (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

10 reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

11 Protective Order" (Exhibit A);

12     (d) the Court and its personnel;

13     (e) court reporters, their staffs, and professional vendors to whom disclosure is

14 reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

15 Protective Order" (Exhibit A);

16     (f) during their depositions, witnesses in the action to whom disclosure is

17 reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

18 (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal

19 Protected Material must be separately bound by the court reporter and may not be disclosed to

20 anyone except as permitted under this Stipulated Protective Order.

21     (g) the author of the document or the original source of the information.

22     7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

23 Information or Items. Unless otherwise ordered by the Court or permitted in writing by the

24 Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

25 CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

26     (a) the Receiving Party's Outside Counsel of record in this action, as well as

27 employees of said Counsel to whom it is reasonably necessary to disclose the information for this

28 litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTIVE ORDER     - 8 -      CASE NO. C07-04154

1   hereto as Exhibit A;

2                [(b) omitted];

3                (c) Experts (as defined in this Order) (1) to whom disclosure is reasonably

4   necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective

5   Order" (Exhibit A);

6                (d) the Court and its personnel;

7                (e) court reporters, their staffs, and professional vendors to whom disclosure is

8   reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

9   Protective Order" (Exhibit A); and

10               (f) the author of the document or the original source of the information.

11

12  8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

13  LITIGATION.

14        If a Receiving Party is served with a subpoena or an order issued in other litigation that

15  would compel disclosure of any information or items designated in this action as

16  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

17  Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

18  and in no event more than five court days after receiving the subpoena or order. Such notification

19  must include a copy of the subpoena or court order.

20        The Receiving Party also must immediately inform in writing the Party who caused the

21  subpoena or order to issue in the other litigation that some or all the material covered by the

22  subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must

23  deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

24  caused the subpoena or order to issue.

25        The purpose of imposing these duties is to alert the interested parties to the existence of

26  this Protective Order and to afford the Designating Party in this case an opportunity to try to

27  protect its confidentiality interests in the court from which the subpoena or order issued. The

28  Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTIVE ORDER            - 9 -                    CASE NO. C07-04154

1   confidential material – and nothing in these provisions should be construed as authorizing or

2   encouraging a Receiving Party in this action to disobey a lawful directive from another court.

3   //

4   9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

5        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

6   Material to any person or in any circumstance not authorized under this Stipulated Protective

7   Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

8   unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

9   inform the person or persons to whom unauthorized disclosures were made of all the terms of this

10  Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

11  Be Bound" that is attached hereto as Exhibit A.

12

13  10. FILING PROTECTED MATERIAL. Without written permission from the Designating Party

14  or a court order secured after appropriate notice to all interested persons, a Party may not file in

15  the public record in this action any Protected Material. A Party that seeks to file under seal any

16  Protected Material must comply with Civil Local Rule 79-5.

17

18  11. FINAL DISPOSITION. Unless otherwise ordered or agreed in writing by the Producing

19  Party, within sixty (60) days after the final termination of this action, each Receiving Party must

20  return all Protected Material to the Producing Party. As used in this subdivision, "all Protected

21  Material" includes all copies, abstracts, compilations, summaries or any other form of

22  reproducing or capturing any of the Protected Material. With permission in writing from the

23  Producing Party, the Receiving Party may destroy some or all of the Protected Material instead of

24  returning it. If the Producing Party elects to have the Receiving Party return rather than destroy

25  the Protected Material, the Producing Party shall bear the costs of the return. If the Producing

26  Party provides permission to the Receiving Party to destroy the Protected Material, but the

27  Receiving Party elects to return the Protected Material, the Receiving Party shall bear the costs of

28  the return. Whether the Protected Material is returned or destroyed, the Receiving Party must

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTIVE ORDER       - 10 -       CASE NO. C07-04154

1   submit a written certification to the Producing Party (and, if not the same person or entity, to the

2   Designating Party) by the sixty (60) day deadline that affirms under oath that the Receiving Party

3   has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or

4   capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

5   retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda,

6   correspondence or attorney work product, even if such materials contain Protected Material. Any

7   such archival copies that contain or constitute Protected Material remain subject to this Protective

8   Order as set forth in Section 4 (DURATION), above.

9   12. MISCELLANEOUS

10      12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek

11  its modification by the Court in the future.

12      12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order

13  no Party waives any right it otherwise would have to object to disclosing or producing any

14  information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

15  Party waives any right to object on any ground to use in evidence of any of the material covered

16  by this Protective Order.

17

18  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

19  Dated: September 17, 2008          RUSSO & HALE LLP

20

21                                   Tim C. Hale

                                     JACK RUSSO

22                                   TIM C. HALE

                                     WILLIAM C. MILKS, III

23

24                                   Attorneys for Plaintiff

                                     AIRCRAFT TECHNICAL PUBLISHERS

25

26

27

28

Dated: September 17, 2008

DRINKER BIDDLE & REATH LLP

STEVEN M. SELNA
S. FEY EPLING

GREGORY J. LAVORGNA, *pro hac vice*
DANIEL. P. REILLY, *pro hac vice*
Attorneys for Defendant
AVANTEXT, INC.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: ___9/23/08___

~~SAUNDRA BROWN ARMSTRONG~~

~~United States District Judge~~
 Edward M. Chen, U. S. Magistrate Judge

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *Aircraft Technical Publishers v. Avantext, Inc.*, Civil Action No. C 07-04154 SBA. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
        [printed name]

Signature: _____
        [signature]