STEVEN M. SELNA (SBN #133409)
steven.selna@dbr.com
S. FEY EPLING (SBN #190025)
fey.epling@dbr.com
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

GREGORY J. LAVORGNA *admitted pro hac vice*
gregory.lavorgna@dbr.com
DANIEL P. REILLY *admitted pro hac vice*
daniel.reilly@dbr.com
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Facsimile: (215) 988-2757

Attorneys for Defendant
AVANTEXT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AIRCRAFT TECHNICAL PUBLISHERS,<br><br>Plaintiff,<br><br>v.<br><br>AVANTEXT, INC.,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. C 07-04154 SBA<br><br>**OPPOSITION TO PLAINTIFF'S RE-NOTICE OF AMENDED NOTICE OF MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Date: June 23, 2009<br>Time: 1:00 p.m.<br>Dept.: Courtroom 3<br>Judge: Hon. Saundra Brown Armstrong |

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OPPOSITION TO PLAINTIFF'S RE-NOTICE OF
MOTION FOR LEAVE TO AMEND COMPLAINT
SF01/ 632860.2

CASE NO. C 07-04154 SBA

**I.
INTRODUCTION**

Plaintiff ATP filed Plaintiff's Re-Notice of Amended Notice of Motion for Leave to Amend Complaint (*Docket Entry #95*) as if there has been no change to the facts that would urge denial of ATP's original motion. Nothing could be further from the truth. Since the original motion in August 2008, the Patent and Trademark Office ("PTO") has twice rejected all claims of US 5,987,474 (the "'474 patent") that ATP has asserted against Avantext (the "asserted claims").[1] Moreover, ATP's failure to renew its motion earlier leads to an objectively reasonable conclusion that ATP opted not to pursue the '474 patent in this Action.

New facts, which simply did not exist at the time ATP's original motion was briefed, necessitate the filing of this opposition.

**II.
BACKGROUND**

ATP filed the complaint in this Action on August 13, 2007 (*Docket Entry #1*).[2] ATP chose not to assert the '474 patent in the complaint.[3]

The '474 patent did not make an appearance in this Action until May 16, 2008, when ATP served its Rule 26 initial disclosures on Avantext.[4] In its initial disclosures, ATP identified US Patent 5,778,381 (the "'381 patent") (which was asserted in the complaint) and the '474 patent (which was not). ATP did not, however, move to add the '474 patent to the complaint at that time. Months passed before the '474 patent made another appearance in this Action when, on

---

[1] The PTO did allow a few claims of the '474 patent, but, as evidenced by ATP's infringement contentions, the allowed claims are claims that ATP itself does not believe cover the Avantext products. Should ATP attempt to raise those claims now, it would be a baseless act of desperation.

[2] As detailed in Avantext's previous briefing (*Docket Entry #71*), this saga begins much earlier than the filing of the complaint. In fact, it began more than four years before, in 2003 when ATP sent a letter to Avantext informing Avantext of ATP's belief that Avantext may "have interest" in a license under U.S. Patent 6,292,806 (the "'806 patent) and the '474 patent.

[3] It is worth noting that ATP knows how to assert a patent if it wants to. *See Aircraft Technical Publishers v. Tdata, Inc.*, Case No. 2:04-cv-01072 (S.D. Ohio) (consolidated with Case No. 2:03-cv-00264), in which all three of ATP's extant patents were asserted.

[4] *See Docket Entry #73, Exhibit D.*

July 21, 2008, ATP served Avantext with infringement contentions as to the '806 patent (which was asserted in the complaint) and the '474 patent (which was not).[5] Not until this point, almost a year into the case, did ATP raise the '474 patent as an issue by filing Plaintiff Aircraft Technical Publisher's Notice of Motion and Motion for Leave to Amend Complaint on August 18, 2008 (*Docket Entry #63*) and subsequently filing Plaintiff Aircraft Technical Publisher's Amended Notice of Motion and Motion for Leave to Amend Complaint ("'474 Patent Motion") (*Docket Entry #67*) on August 19, 2008.[6] Avantext responded to the '474 Patent Motion with Defendant Avantext, Inc.'s Opposition to Plaintiff's Amended Motion for Leave to Amend Complaint ("September 2008 Opposition") (*Docket Entry #71*). ATP replied with Plaintiff Aircraft Technical Publishers' Reply Memorandum to Defendant's Opposition to Plaintiff's Motion for Leave to Amend Complaint (*Docket Entry #74*) ("September 2008 Reply").

After ATP's September 2008 Reply, but before the Court addressed the '474 Patent Motion, the PTO rejected all of the asserted claims of the '474 patent, and Avantext informed the Court of that development by filing Defendant Avantext, Inc.'s Statement of Recent Decision (Pursuant to Civil Local Rule 7-3(d)) (*Docket Entry #78*).

On October 1, 2008, the Court issued an Order temporarily staying this case to allow the parties to discuss settlement (*Docket Entry #88*). As part of the stay, ATP withdrew the '474 Patent Motion.[7] No settlement was reached and the parties prepared a Joint Case Management Statement (*Docket Entry #91*), which included, at ATP's request, an appendix that among other things requested the Court to rule on the '474 Patent Motion. A Case Management Conference ("CMC") with the Court was held on February 4, 2009. ATP failed to raise the '474 Patent Motion as an issue at the CMC. ATP failed to raise it as an issue even when the Court stated that

---

[5] *See Docket Entry #73, Exhibit E.*

[6] Because of an issue with the hearing date, ATP then filed an Amended Notice of Motion for Leave to Amend Complaint on August 19, 2008.

[7] The Court's Order dated October 1, 2008 (*Docket Entry #88*) stated "plaintiff Aircraft Technical Publishers, Inc. withdraws *without prejudice to renew* its Amended Motion for Leave to Amend Complaint [Docket No. 67] and its Amended Motion to Enlarge Time to Submit Infringement Contentions [Docket No. 68]." (emphasis added)

1  the '474 Patent Motion was "off calendar." ATP failed to raise it as an issue when the Court

2  entered its Minute Order of the CMC (*Docket Entry # 92*) and the Case Management Scheduling

3  Order (*Docket Entry # 93*), even though there was no mention of the '474 Patent Motion in either

4  order.

5       On March 2, 2009, the parties exchanged their preliminary claim constructions pursuant to

6  Patent Local Rule 4-2(a). Avantext, in its preliminary claim constructions, explicitly noted that it

7  was providing only the "preliminary claim terms of the asserted claims of U.S. Patent 6,292,806

8  (the "'806 patent")." *See Declaration of Gregory J. Lavorgna*, Exhibit A. ATP, in its

9  preliminary claim constructions, likewise addressed only the '806 patent. *See Declaration of*

10 *Gregory J. Lavorgna*, Exhibit B. Even where claim elements could be found in both the '806

11 patent and the '474 patent, ATP referred only to the '806 patent.

12      The parties held several telephonic meet and confer sessions to finalize claim construction

13 issues. At no point did ATP raise the issue of the '474 patent. Based on the preliminary claim

14 constructions and the telephonic discussions, Avantext prepared a Joint Claim Construction

15 Statement ("JCCS"), provided it to ATP for its approval and after receiving ATP's approval, filed

16 it with the Court on March 16, 2009 (*Docket Entry #*94). The JCCS makes no mention of the

17 '474 patent since that patent did not come up in discussions; instead, it addresses only the

18 disputed claim terms of the '806 patent.

19      On March 19, 2009, *i.e.*, three days after the parties filed the JCCS with the Court

20 solidifying the scope and content of the disputed terms, ATP renewed its motion to add the '474

21 patent (*Docket Entry #95*).

22      Meanwhile, between August 2008 and April 2009, the PTO was busy rejecting the claims

23 of the '474 patent. On September 11, 2008, the PTO issued an office action rejecting all of the

24 asserted claims. *See Declaration of Gregory J. Lavorgna*, Exhibit E. ATP responded to that

25 office action on November 11, 2008. *Id*. at Exhibit F. On February 26, 2009, the PTO again

26 rejected all of the asserted claims. *Id*. at Exhibit G. In that rejection, the PTO rejected each of the

27 asserted claims on multiple grounds. As of this date, no asserted claim has survived

28 reexamination.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OPPOSITION TO PLAINTIFF'S RE-NOTICE OF
MOTION FOR LEAVE TO AMEND COMPLAINT
SF01/ 632860.2

- 3 -

CASE NO. C 07-04154 SBA

# III.
# ARGUMENT

**A.  The Court should deny the '474 Patent Motion based on ATP's conduct.**

ATP's dilatory and prejudicial conduct leading up to the filing of the '474 Patent Motion is well documented in Avantext's September 2008 Opposition to ATP's original motion, and will not be repeated here[8] other than to provide the following passage:

> As ATP correctly notes in its Motion, "[w]hen justice so requires *and* there is no undue prejudice, bad faith, or dilatory motives behind a party's ground for amendment, leave to amend is readily given." (*Docket Entry #67*, p. 2 (emphasis added, citation omitted)). Not one of those factors is present here.  Justice does not require the Court to absolve ATP from a predicament ATP alone is responsible for.  Moreover, the objective evidence demonstrates undue prejudice to Avantext and dilatory motives by ATP, and could easily lead to a conclusion that ATP has acted in bad faith.

The passage of time has not softened those arguments.  On the contrary, those arguments are more compelling today than they were eight months ago because of the additional rejections issued by the PTO and ATP's own inaction over the past several months.

**B.  The PTO's Further Rejection of the Asserted Claims of the '474 Patent Supports Denying the '474 Patent Motion.**

The Court should deny the '474 Patent Motion because, as of the date of this Opposition, the PTO has not once but twice rejected the asserted claims of the '474 patent.  That is, the PTO has twice concluded that the asserted claims of the '474 patent are unpatentable, even though ATP has twice had the opportunity to argue for the patentability of the claims.  Twice the PTO has considered ATP's arguments, and twice the PTO rejected the claims.  On January 11, 2008, in an attempt to expedite reexamination, ATP filed a patent owner's statement with the PTO.  The PTO considered that statement, but still issued an office action on September 11, 2008 rejecting all of the asserted claims.  ATP responded to that September office action on November 11, 2008.  The PTO considered ATP's response, but again rejected all of the asserted claims in a February

---

[8] While this Opposition will not describe in detail ATP's conduct prior to the filing of the August 2008 Motion, it is worthy of note that ATP asserted the '474 patent against Avantext in 2003, chose not to include it in the Complaint (*Docket Entry #1*), and then, almost seven years after the patent issued, some five years after first asserting the patent, and almost a year after filing the complaint, ATP decided in July 2008 that the '474 patent should be included in the case.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OPPOSITION TO PLAINTIFF'S RE-николаNOTICE OF
MOTION FOR LEAVE TO AMEND COMPLAINT           - 4 -            CASE NO. C 07-04154 SBA
SF01/ 632860.2

26, 2009 office action.[9] The February 2009 office action didn't just reject each of the asserted claims, it rejected each of them on multiple grounds.

The PTO twice reviewed the asserted claims of the '474 patent, twice considered arguments from ATP, and twice found the asserted claims to be unpatentable. Forcing Avantext to defend against claims of a patent that the PTO has twice determined are patentable would be unduly prejudicial to Avantext.

## C. The Court should deny the '474 Patent Motion based on ATP's conduct after the temporary stay.

ATP knew in January 2009[10] that the '474 Patent Motion was off calendar, and even insisted on including an Appendix to the Joint Case Management Statement (*Docket Entry #91*) that requested the Court to:

> render a decision on the motion[] by February 26, 2009 so that the parties can exchange their respective preliminary claim constructions and designations of extrinsic evidence by March 2, 2009 (Patent L.R. 4-2(a)), because the Court's decisions on [the] motion[] [is] crucial to the claim terms to be proposed for construction by the Court.

Avantext was amenable to the addition of the Appendix, and Avantext expected ATP to raise the issue at the CMC. ATP failed to do so. Even when the Court stated during the conference that the '474 Patent Motion was "off calendar," ATP sat silent. After the Court released the Minute Order of the CMC (*Docket Entry #92*) and the Case Management Scheduling Order (*Docket Entry #93*), neither of which mentioned of the '474 Patent Motion, ATP again sat silent. February 26, 2009 (*i.e.*, the date requested in the CMC Appendix) came and went, and again ATP sat silent.

Relying on ATP's unbroken silence, Avantext prepared Defendant Avantext, Inc.'s Preliminary Claim Constructions (Pursuant to Patent Local Rule 4-2(a)) with only the '806 patent in mind.[11] Avantext explicitly advised ATP that Avantext was providing only the "preliminary

---

[9] The rejections in the February 26, 2009 office action are consonant with the rejections issued in the reexamination of the '806 patent, which is now under final rejection.

[10] ATP's delay prior to January 2009 was well documented in Avantext's September 2008 Opposition, so details on that delay will not be repeated here.

[11] On September 15, 2008, as required by Patent Local Rule 4-1, Avantext provided a list

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OPPOSITION TO PLAINTIFF'S RE-NOTICE OF
MOTION FOR LEAVE TO AMEND COMPLAINT - 5 - CASE NO. C 07-04154 SBA
SF01/ 632860.2

1  claim terms of the asserted claims of U.S. Patent 6,292,806 ("the '806 patent")." Likewise, in
2  providing its preliminary claim constructions as to the disputed claim terms, ATP addressed only
3  the '806 patent. Even where claim elements could be found in both the '806 patent and the '474
4  patent, ATP referred only to the '806 patent. In other words, ATP was again silent with respect to
5  the '474 patent.

6  After the exchange of the respective preliminary claim constructions on March 5, 2009,
7  the parties conducted at least two telephonic conferences to narrow the number of claim
8  construction issues that the Court would have to address. At no point during those conferences
9  did ATP raise the issue of the '474 patent. In fact, even when it came time to identify, pursuant to
10 Patent Local Rule 4-3(e), "a list of any other issues which might appropriately be taken up at a
11 prehearing conference prior to the Claim Construction Hearing," ATP again sat silent and failed
12 to raise the issue of the '474 patent. Relying on ATP's unbroken silence, Avantext prepared the
13 JCCS, provided it to ATP for approval, and after receiving ATP's approval, filed it with the Court
14 on March 16, 2009.

15  Not until three days **after** the parties filed the JCCS with the Court did ATP file the '474
16 Patent Motion Re-Notice. In other words, ATP sat by silently as the issues were narrowed and
17 the claim construction work was completed, only to spring up later with a Re-Notice that
18 essentially undoes all of that work. ATP sat by silently, knowing that raising the issue after the
19 JCCS would disrupt, if not undo, the claim construction work done to date.[12] This sort of tactic,
20 which has been ATP's *modus operandi* throughout the case, reflects dilatory motives at best and
21 bad faith at worst. Either way, it is Avantext who continues to be prejudiced by the tactics. The
22 only way to stop such misbehavior is for the Court to deny the '474 Patent Motion.

---

of claim terms to be construed by the Court. Accompanying that document was a letter from Gregory Lavorgna to Jack Russo and Tim Hale, which stated "The enclosed list is limited to U.S. Patent 6,292,806, which is the only patent at issue at this point." ATP never objected or made mention of the '474 patent in response to that letter.

[12] ATP itself, in the Appendix of the CMC Statement (*Docket Entry #91*), asserted that a decision on the '474 patent would "crucial to the claim terms to be proposed for construction by the Court." Despite that assertion, ATP waited until after the JCCS was filed before raising the issue of the '474 patent.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OPPOSITION TO PLAINTIFF'S RE-NOTICE OF
MOTION FOR LEAVE TO AMEND COMPLAINT - 6 - CASE NO. C 07-04154 SBA
SF01/ 632860.2

**D.  Granting the '474 Patent Motion Would Delay the Current Action and Unduly Prejudice Avantext.**

ATP craftily chose to re-notice the '474 Patent Motion after the parties submitted the JCCS. The result, if the motion were to be granted, would be a ripple effect that not only would prejudice Avantext, but would significantly delay these proceedings.

All of the work that Avantext has done in formalizing its position on the claim construction would have to be redone if the Court were to grant ATP's motion. Avantext would have to evaluate what claim terms are in need of construction.[13] Avantext would have to develop constructions for those claim terms.[14] Avantext would then have to work with ATP to reach a compromise as to which claim terms should be construed so that the Court-mandated limit of ten (10) claim terms is met. Finally, the parties would have to prepare another JCCS. In other words, ATP's delay was cunningly chosen to cause Avantext to conduct additional work and unnecessarily incur additional legal expenses. All of this additional work would be necessary because ATP delayed, delayed, delayed.[15]

If ATP's motion is granted, ATP's delay would also prejudice and inconvenience the Court. To allow time for the parties to address claim construction issues related to the '474 patent, the Court would be forced to either further delay the *Markman* hearing or hold a second *Markman* hearing to address the '474 patent. Either way, all of the remaining deadlines in the case would have to be shifted. The submittal of expert reports, which would rely heavily on the *Markman* ruling, would have to be delayed. The delay of the expert reports would delay expert

---

[13] The '474 patent has numerous terms that are not clear on their face, and thus would require construction.

[14] Developing constructions for claim terms in these patents is not an easy task considering ATP made statements as to the meanings of claims during the original prosecution of the '474 patent and related patents, during the reexamination of the '474 patent and related patents, and during the Ohio District Court litigation. In some cases, ATP made a statement in one forum that is inconsistent with a statement that it made in another, which adds to the complexity of the task of construing the claims.

[15] Furthermore, ATP now has all of Avantext's arguments with respect to the claim terms in the '806 patent, some of which overlap with the '474 patent, which is a scenario that defeats the spirit of a set of preliminary claim construction rules that foster simultaneous exchange of work product to ensure a level playing field.

Drinker Biddle & Reath LLP
Attorneys At Law
San Francisco

OPPOSITION TO PLAINTIFF'S RE-NOTICE OF
MOTION FOR LEAVE TO AMEND COMPLAINT    - 7 -    CASE NO. C 07-04154 SBA
SF01/ 632860.2

1  discovery. Delay of expert discovery would delay the filing of dispositive motions. The delay in
2  filing of dispositive motions would delay pre-trial preparation. Delay of pre-trial preparation
3  would delay the trial date. The trial in this Action is scheduled to begin on December 7, 2009. If
4  the Court grants the '474 Patent Motion, the trial likely would not begin until at least late Summer
5  of 2010.

## IV.
## CONCLUSION

ATP's predicament, from which it now seeks relief from the Court, is entirely its own fault. ATP brought this Action. ATP chose to exclude the '474 patent from the complaint. ATP then mysteriously provided infringement contentions for the '474 patent, although it was not in the case. To top it all off, ATP delayed re-noticing the '474 Motion until after significant amounts of work on claim construction had been completed. Neither the Court nor Avantext should be required to pay for ATP's failings. The Court could deny the '474 Patent Motion on that ground alone.

Moreover, since filing its original motion the PTO has twice found the asserted claims of the '474 patent to be unpatentable. Again, the Court could deny the '474 Patent Motion on that ground alone.

ATP has done a masterful job at confusing issues, delaying the case, and confounding the Court's schedule. ATP should not be rewarded for those efforts. ATP's motion to add the '474 patent should be denied.

Dated: June 2, 2009

Respectfully submitted,

DRINKER BIDDLE & REATH LLP

By: */s/ S. Fey Epling*
    STEVEN M. SELNA
    S. FEY EPLING

    GREGORY J. LAVORGNA
    DANIEL P. REILLY
    Attorneys for Defendant
    AVANTEXT, INC.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OPPOSITION TO PLAINTIFF'S RE-NOTICE OF MOTION FOR LEAVE TO AMEND COMPLAINT     - 8 -     CASE NO. C 07-04154 SBA
SF01/ 632860.2