UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AIRCRAFT TECHNICAL PUBLISHERS, a California company,<br><br>   Plaintiff,<br><br>   vs.<br><br>AVANTEXT, INC, a Pennsylvania corporation,<br><br>   Defendant. | Case No:  C 07-4154 SBA<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND MOTION FOR NON-PREJUDICIAL EXTENSION OF TIME TO SUBMIT INFRINGEMENT CONTENTIONS**<br><br>[Docket 95, 96] |

This is a patent infringement action brought by Plaintiff Aircraft Technical Publishers ("Plaintiff") against Defendant Avantext, Inc. ("Defendant").  The parties presently are before the Court on Plaintiff's Motion for Leave to Amend the Complaint (Docket 95) and Motion for Non-Prejudicial Extension of Time to Submit Infringement Contentions (Docket 96).  Having read and considered the papers filed in connection with this matter, and being fully informed, the Court hereby DENIES both motions for the reasons set forth below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b).

**I.    BACKGROUND**

Plaintiff filed the instant patent infringement action against Defendant on August 13, 2007.  The pleadings allege claims for willful infringement and infringement of Patent Nos. 5,778,381 ("'381 Patent") and 6,292,806 ("'806 Patent").  Plaintiff alleges that Defendant, without permission, has incorporated its patented technology into its products under the names, "AD Basic Library," "AD Small Aircraft Library," "AD Large Aircraft Library," and "Complete AD Library."  (Compl. ¶ 5.)

The Court held a Case Management Conference ("CMC") on July 10, 2008, and thereafter issued an Order for Pretrial Preparation in Patent Cases on July 14, 2008.  Under Patent Local Rule

3-1, Plaintiff's Disclosure of Asserted Claims and Preliminary Infringement Contentions ("Infringement Contentions") was due within 10 days of the CMC.  Plaintiff served its Infringement Contentions on July 21, 2008.  While contentions were proffered with respect to the '806 Patent, none were made as to the '381 Patent.  (Milks Decl. Ex. 1.)  A few days later, Plaintiff asked Defendant for an extension of time to serve its Infringement Contentions for the '381 Patent, but Defendant refused.  (Id. Exs. 2 and 3.)

On August 19, 2008, Plaintiff filed a motion for leave to file an amended complaint in which it sought to join an additional infringement claim based on a third patent, Patent No. 5,987,474 ("'474 Patent").  On the same date, Plaintiff also filed a motion requesting an extension of time to serve its infringement contentions with respect to the '381 Patent.  The parties fully briefed the motions, and appeared in Court on September 30, 2008 for oral argument.  At the hearing, however, the parties requested a stay of the action in order to discuss settlement.  In addition, Plaintiff withdrew both of its motions without prejudice.

The case did not settle, and on February 5, 2009, the Court entered a new pretrial order.  The Court rescheduled the trial for December 7, 2009 and adjusted all other pretrial dates accordingly.  Plaintiff renoticed its motions for leave to amend and for an extension of time to submit its infringement contentions on March 19, 2009.

## II. MOTION FOR LEAVE TO AMEND

The Federal Rules of Civil Procedure provide that leave to amend a complaint should be "freely given when justice so requires."  Fed.R.Civ.P. 15(a)(2).  Generally, leave to amend is to be granted with "extreme liberality."  Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).  However, where, as here, the request is presented after the Court has entered a pretrial scheduling order, the liberal rules governing motions to amend under Rule 15(a) no longer apply.  Johnson v. Mammoth Recreations, 975 F.2d 604, 607-608 (9th Cir. 1992).  Instead, the relevant standard is set forth in Rule 16(b), which requires the movant to demonstrate "good cause" for allowing the amendment.  Id.  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  Id. at 609.  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion,

the focus of the inquiry is upon the moving party's reasons for seeking modification…. If that party was not diligent, the inquiry should end." Id.  In this case, both parties incorrectly frame their argument around the Rule 15 standard.  Nevertheless, the Court is able, upon review of the papers submitted, to make an informed assessment of Plaintiff's diligence.

To justify its delay in bringing this motion, Plaintiff vaguely asserts that it first learned of Defendant's alleged infringement of the '474 Patent "[d]uring the preparation of the Disclosure." (Mot. at 3; Milks Decl. ¶¶ 7.)  Setting aside Plaintiff's failure to specify precisely when that was, Plaintiff fails to explain why it could not have learned of the facts ostensibly supporting its new infringement claim in the year since the filing of the Complaint.  In addition, once the parties' settlement efforts failed, it was incumbent upon Plaintiff to renotice its motion to amend before the Court entered a revised pretrial scheduling order.  Yet, Plaintiff waited until a month after a new scheduling order had been issued, and after the parties had already exchanged preliminary claims construction briefs, before renoticing its motion.  As such, permitting Plaintiff to add a new infringement claim would be prejudicial to Defendant and likely delay resolution of the suit.  Based on this record, the Court concludes that Plaintiff has failed to act diligently, and therefore, DENIES its motion for leave to amend.

### III. MOTION FOR NON-PREJUDICIAL EXTENSION OF TIME TO SUBMIT INFRINGEMENT CONTENTIONS

Plaintiff also moves for an enlargement of time to serve its Infringement Contentions regarding the '381 Patent.  While Plaintiff served its Infringement Contentions directed to the '806 Patent on July 21, 2008, none were provided as to the '381 Patent, ostensibly because Plaintiff believed that it could better articulate its contentions after conducting discovery.  (Mot. at 2-3; Milks Decl. ¶¶ 5-6.)

As discussed, any changes to the pretrial schedule must be supported by a showing of diligence.  Johnson, 975 F.2d at 607-608.  Plaintiff has not met that burden.  Plaintiff had an obligation to provide Infringement Contentions within 10 days of the initial CMC to facilitate the parties' preparation of their respective cases.  While Plaintiff may have desired to first obtain discovery before proffering its infringement contentions as to the '381 Patent, Plaintiff lacked the

authority to unilaterally exclude them from its disclosures and then later seek leave for an extension of time.  In addition, Plaintiff never states why it could not have obtained this information prior to serving its Infringement Contentions on July 21, 2008.  Even if Plaintiff legitimately believed that it could better articulate its contentions after obtaining discovery from Defendant, Plaintiff was under an obligation to serve its Infringement Contentions with respect to the patents-in-suit based on the information then available to it.

Moreover, allowing Plaintiff an open-ended extension of time would prejudice Defendant and likely result in undue delay.[1]  The parties already have exchanged their preliminary claim construction as of March 1, 2009, consistent with Local Rule 4-2(a).  No claim construction of the '381 Patent is included in either party's brief.  (Lavorgna Decl. Exs. A and B.)   Likewise, in their Joint Claims Construction Statement filed on March 16, 2009, only the '806 Patent is construed.  Thus, at a minimum, an extension of time would require Defendant to expend additional time and resources revising those documents and in preparing for trial.[2]  In addition, the injection of potentially new claims and issues at this stage of the litigation undermines the public policy of fostering prompt resolution of disputes.

**IV.    CONCLUSION**

For the reasons stated above,

IT IS HEREBY ORDERED THAT Plaintiff's Motion for Leave to Amend the Complaint (Docket 95) and Motion for Non-Prejudicial Extension of Time to Submit Infringement Contentions (Docket 96) are DENIED.

---

[1] Neither Plaintiff's briefs nor Proposed Order specify the duration of the extension being sought.

[2] Defendant argues that the requested extension is improper because the U.S. Patent and Trademark Office has rejected the asserted claims as to the '381 Patent.  (Opp'n at 4.)  However, the merits of a patent infringement claim based on the '381 Patent is not germane to the issue of diligence.

IT IS SO ORDERED.

Dated: June 19, 2009

                                                Hon. Saundra Brown Armstrong
                                                United States District Judge