UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AIRCRAFT TECHNICAL PUBLISHERS, a California company,<br><br>Plaintiff,<br><br>vs.<br><br>AVANTEXT, INC, a Pennsylvania corporation,<br><br>Defendant. | Case No:  C 07-4154 SBA<br><br>**ORDER STRIKING PLAINTIFF'S SUMMARY JUDGMENT MOTIONS**<br><br>[Docket Nos. 153, 154, 157, 159 and 160] |

Plaintiff Aircraft Technical Publishers ("ATP") filed the instant patent infringement action against Defendant Avantext, Inc. ("Avantext") on August 13, 2007.  The Complaint alleges two claims for willful infringement and infringement, respectively, with respect to U.S. Patent Nos. 5,778,381 and 6,292,806.  In the Court's Order for Pretrial Preparation (Docket 93), the Court set the law and motion cut off for September 29, 2009.  The Order expressly states:  "The parties are advised not to wait until 35 days prior to the law and motion cut-off date to file and serve their motion.  As the Court's law and motion calendar tends to fill quickly, there is no guarantee that a hearing date within the law and motion cut-off date will be available."  (Docket 93 at 2:1-3 (emphasis added).)

On August 25, 2009—precisely 35 days before the September 29 law and motion cut off—both ATP and Avantext collectively filed a six summary judgment motions, a motion to dismiss and a motion to extend the law and motion cut-off passed the September 29, 2009 deadline.  Included among the motions filed are:  (1) ATP's Motion for Partial Summary Judgment of Enforceability of the '381 Patent and '806 Patents; (2) Motion for Partial Summary Judgment Regarding Infringement of the '806 Patent by Avantext, Inc.; (3) Motion

1  for Partial Summary Judgment Regarding Invalidity of the '806 Patent and: (4) Motion for
2  Partial Summary Judgment Regarding Laches Affirmative Defenses (collectively "Summary
3  Judgment Motions").
4      With regard Avantext and ATP's joint motion to extend the law and motion cut-off
5  date, the Court notes that the need for such a motion could have been obviated had the parties
6  heeded the Court's warning not to wait until 35 days before the law and motion cut-off date to
7  file their motions.  The Court notes that this is not the first time that the parties have ignored
8  the orders and rules of this Court—and further transgressions may result in sanctions.  Despite
9  the burden imposed on the Court's docket occasioned by the parties' conduct, the Court will
10 resolve certain of the motions, except as noted below, since their determination may expedite
11 the resolution of this case.  Therefore, the parties' joint motion to extend the law and motion
12 cut-off is GRANTED.
13     The above notwithstanding, the Court finds that ATP's Summary Judgment Motions are
14 not properly before the Court.  Civil Local Rule 7 governs the filing of motion papers in this
15 Court.   Local Rule 7-2(b) provides that a motion may not exceed twenty-five pages in length.
16 "Judicial economy and concise argument are purposes of the page limit."  <u>Weilert v. Health</u>
17 <u>Midwest Development Group</u>, 95 F. Supp.2d 1190, 1192 (D. Kan. 2000).  In an attempt to
18 circumvent the page limits imposed by the Local Rules, ATP filed four Summary Judgment
19 Motions, which collectively total fifty-nine pages in length.  While each motion purports to
20 address different issues, all of the motions pertain to the same patents-in-suit and should
21 therefore have been presented in a single motion.  Because ATP's briefs violate Local Rules
22 and undermine the Court's administration of justice, the Court hereby strikes ATP's Summary
23 Judgment Motions from the record on ground that they were filed in violation of the Local
24 Rules.  <u>See</u> <u>Swanson v. U.S. Forest Serv.</u>, 87 F.3d 339, 345 (9th Cir. 1996) (holding that
25 district court has discretion to disregard briefs filed in circumvention of page limits).
26 Accordingly,
27     IT IS HEREBY ORDERED THAT:
28     1.    ATP's Summary Judgment Motions are STRICKEN from the record.

2. By no later than **November 17, 2009**, ATP may refile the foregoing Summary judgment Motions as a single motion, not to exceed twenty-five pages in length. Avantext shall file a single opposition brief, not to exceed twenty-five pages, by no later than **November 19, 2009**, and ATP shall file a single reply brief, not to exceed fifteen pages, by no later than **November 23, 2009**. The Court will rule on the motions without oral argument. The parties are warned against using excessive footnotes as a means of circumventing the page limits. The Court will deem the motion under submission as of the date the reply is due. In the event ATP renews its Summary Judgment Motions in the manner prescribed herein, the parties need not resubmit supporting declarations, provided that the parties' respective briefs specifically reference the Docket Number of the particular declaration. However, courtesy copies of all memoranda and supporting declarations shall be lodged to the Court.

3. This Order terminates Docket Nos. 153, 154, 157, 159 and 160.

IT IS SO ORDERED.

Dated: November 13, 2009

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge