UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AIRCRAFT TECHNICAL PUBLISHERS, a California company,<br><br>Plaintiff,<br><br>vs.<br><br>AVANTEXT, INC, a Pennsylvania corporation,<br><br>Defendant. | Case No:  C 07-4154 SBA<br><br>**ORDER: (1) GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND DISMISS COUNTERCLAIMS WITHOUT PREJUDICE AND (2) DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF THE '381 PATENT**<br><br>[Docket 149, 163] |

This is a patent infringement action brought by Plaintiff Aircraft Technical Publishers ("ATP") against Defendant Avantext, Inc. ("Avantext").  The Court has original jurisdiction pursuant to 28 U.S.C. § 1331.  The parties presently are before the Court on:  (1) ATP's Motion to Amend Complaint and Dismiss Counterclaims without Prejudice; and (2) Avantext's Motion for Partial Summary Judgment of Non-Infringement of the '381 Patent.  Having read and considered the papers filed in connection with this matter, and for the reasons set forth below, the Court GRANTS ATP's motion and DENIES Avantext's motion.  Pursuant to Federal Rule of Civil Procedure 78(b), the Court adjudicates the instant matter without oral argument.

## I. BACKGROUND

Plaintiff filed the instant patent infringement action against Defendant on August 13, 2007. The pleadings allege claims for willful infringement and infringement of Patent Nos. 5,778,381 ("'381 Patent") and 6,292,806. On July 10, 2008, the Court conducted a Case Management Conference and entered a pretrial scheduling order. Under Patent Local Rule 3-1, Plaintiff's Disclosure of Asserted Claims and Preliminary Infringement Contentions ("Infringement Contentions") was due within ten days of the Case Management Conference. ATP served its Infringement Contentions on July 21, 2008, but omitted reference to the '381 Patent. ATP belatedly served Infringement Contentions as to the '381 Patent several days later on July 24, 2008.

On August 19, 2008, ATP filed a motion for leave to file an amended complaint in which it sought to allege an additional infringement claim based on a third patent, Patent No. 5,987,474. On the same date, ATP also filed a motion requesting an extension of time to serve its Infringement Contentions with respect to the '381 Patent, which were served beyond the time-frame specified by the Patent Local Rules. The parties fully briefed the motions, and appeared in Court on September 30, 2008 for oral argument. At the hearing, however, the parties requested a stay of the action in order to discuss settlement, and ATP withdrew both of its motions without prejudice.

The case did not settle, and on February 5, 2009, the Court conducted a further Case Management Conference and entered a new pretrial order. The Court rescheduled the trial to December 7, 2009 and revised all other pretrial dates accordingly. ATP refiled its motions for leave to amend the complaint and for an extension of time to submit its Infringement Contentions, which the Court denied on June 22, 2009. In light of the Court's ruling, ATP now moves to voluntarily dismiss from the complaint its claims based on the '381 Patent, and to dismiss Avantext's three counterclaims to the extent they are based on the '381 Patent.

## II. DISCUSSION

### A. DISMISSAL OF '381 PATENT CLAIMS

Federal Rule of Civil Procedure 15(a) governs the voluntary dismissal of individual claims. See Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 687-688 (9th Cir. 2005) ("withdrawals of individual claims against a given defendant are governed by Fed.R.Civ.P. 15, which addresses amendments to pleadings"). Rule 15(a)(2) provides that leave to amend a complaint should be "freely given when justice so requires." Fed.R.Civ.P. 15(a)(2); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (leave to amend should be granted with "extreme liberality"). Where, as here, the request to amend is filed after the matter has been scheduled for trial, the movant must also show "good cause" for allowing the proposed amendment. See Johnson v. Mammoth Recreations, 975 F.2d 604, 607-608 (9th Cir. 1992).

In the instant case, ATP moves to dismiss its '381 Patent infringement claims without prejudice, based on the Court's June 22, 2009 Order denying ATP's request for additional time to serve its Infringement Contentions as to the '381 Patent. Avantext does not oppose dismissal of the '381 Patent infringement claims, but contends that the dismissal should be *with prejudice* on the ground that ATP allegedly acted in "bad faith." Specifically, Avantext argues that ATP's bad faith is shown by its alleged failure to "properly investigate" its '381 Patent claims during the time period between the filing of this action in August 2007 and the date the infringement contentions were due in July 2008. (Def.'s Opp'n at 4.) However, a showing of bad faith requires more than negligent or dilatory conduct, which is all that Avantext has alleged in this instance. See Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (noting that "bad faith" means a party or counsel acted "vexatiously, wantonly or for oppressive reasons"); In re Lehtinen, 564 F.3d 1052, 1058 (9th Cir. 2009) ("[B]ad faith or willful misconduct consists of something more egregious than mere negligence or recklessness.") (internal quotations and citation omitted).[1]

---

[1] In any event, because Avantext did not file a motion seeking the dismissal of ATP's '381 Patent infringement claims *with prejudice*, such request is not properly before the Court.

- 3 -

Avantext also contends that it will be prejudiced if the Court were to dismiss ATP's '381 Patent claims without prejudice because ATP will be able to refile such claims at a later time. (Opp'n at 6.) In that regard, Avantext argues that it "has already expended significant time, money, and effort for this action … much of which will be of little or no use to Avantext if ATP is allowed to refile its '381 patent claim." (Id.) The Court notes that no evidence is offered by Avantext to support its claim of prejudice. Moreover, Avantext contradicts its prior representations to the Court (made in opposition to ATP's motion for an extension of time to submit its Infringement Contentions) that Avantext *would* incur additional cost *if* ATP were allowed to proceed with its '381 Patent claims. (See Docket 118 at 6:18-7:5.) Based in part on Avantext's representations concerning the burden it would incur if the '381 Patent claims were litigated in this case, the Court denied ATP's motion. Having succeeded in pressing that argument, Avantext's assertion of a contradictory position with respect to the instant motion is unpersuasive. Based on the record presented, the Court is persuaded that good cause supports ATP's motion to dismiss its infringement claims based on the '381 Patent.[2]

### B.     DISMISSAL OF AVANTEXT'S COUNTERCLAIMS

ATP seeks to dismiss Avantext's first, second and third counterclaims to the extent they challenge the '381 Patent on the ground that Avantext failed to serve its Invalidity Contentions, as required by the Patent Local Rules. Federal Rule of Civil Procedure 41(b) authorizes the court to "dismiss an action or claim of a party that fails to prosecute, to comply with the Federal Rules, or to obey an order of the court[.]" Chambers, 501 U.S. at 62. In assessing a request for dismissal based on Rule 41(b), the district court is guided by five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's needs to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ferdick v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

---

[2] ATP need not file an amended complaint omitting infringement claims based on the '381 Patent. By operation of this Order, such claims are deemed to be dismissed without prejudice.

The threshold question is whether Avantext violated the Patent Local Rules. Under Patent Local Rule 3-3, Invalidity Contentions are due forty-five days after service of Infringement Contentions by the opposing party. Here, ATP served its Infringement Contentions as to the '381 Patent on July 28, 2008, thus giving Avantext until September 11, 2008 to serve its Invalidity Contentions. Avantext concedes that it never served its Invalidity Contentions, but insists that it should be excused from doing so because ATP "never properly served Avantext with '381's infringement contentions." (Def.'s Opp'n at 7.) Alternatively, Avantext requests that "[i]f … this Court finds Avantext should serve invalidity contentions, the Court should amend the pre-trial schedule such that Avantext may now fulfill this *alleged* requirement." (Def.'s Opp'n at 8 (emphasis in original.)  The Court finds these contentions unavailing.

Despite Avantext's claims to the contrary, the record shows that ATP, in fact, served its Infringement Contentions as to the '381 Patent. (Russo Decl. Ex. 1.) Though ATP served this document three days late, Avantext remained obligated to comply with Patent Local Rule 3-3 and to serve its Invalidity Contentions within the specified time-frame, which it never did. To the extent that Avantext required or believed that it was entitled to additional time to comply as a result of ATP's tardiness, it was incumbent upon Avantext to seek appropriate relief from the Court. Avantext failed to do so, and chose instead to disregard and hence violate the Patent Local Rules.[3]

Having concluded that Avantext violated the Patent Local Rules, the issue remains whether the Court should exercise its discretion and dismiss Avantext's counterclaims. With regard to the first two factors, (i.e., the public's interest in expeditious resolution of litigation and the court's needs to manage its docket), both favor dismissal. The preparation of Invalidity Contentions is part of a deliberate process imposed by the Patent Local Rules to ensure the

---

[3] As both parties have previously been warned in this action, the Court will not countenance what appears to be their pervasive disregard for the applicable rules of procedure. ***The parties are warned that further transgressions of such rules or any order of this Court will be grounds for the imposition of sanctions, up to an including dismissal of the action or the entry of default, depending upon the circumstances presented.***

orderly administration of patent cases.  See O2 Micro Intern. Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1365-1366 (Fed. Cir. 2006) (noting that the local patent rules in the Northern District of California require early notice of infringement and invalidity contentions in order to create certainty as to the parties' legal theories).  As such, Avantext's failure to serve its Invalidity Contentions directly undermines the Court's ability to ensure the expeditious and efficient administration of justice.  See id.;see also Ferdik, 963 F.2d at 1261 (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket.").

The third factor, the risk of prejudice to ATP, is related to the strength of Avantext's excuse for the default.  See Yourish, 191 F.3d at 991. Avantext's purported excuse for failing to serve its Invalidity Contentions is that ATP "never properly served" its Infringement Contentions.  (Def.'s Opp'n at 7.)   As discussed, the fact that ATP served its Infringement Contentions several days late does not insulate Avantext's from its independent obligation to serve Invalidity Contentions.  Aside from Avantext's lack of excusable neglect, the Court is persuaded by ATP that permitting Avantext to now serve its Invalidity Contentions—more than a year after they were due—would be unduly prejudicial, given that discovery has closed and trial is only weeks away.

The fourth factor favoring disposition of cases on the merits generally weighs against dismissal.  Pagtalunan, 291 F.3d at 643.  Nonetheless, "[a]lthough there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991).  In this case, Avantext has undermined the administration of justice by completely ignoring its obligations under the Patent Local Rules.  In addition, Avantext's disingenuous attempt to dismiss this unequivocal requirement as nothing more than an "alleged" obligation underscores Avantext's cavalier and evasive conduct in this instance.

Finally, the Court has considered less drastic alternatives to dismissal.  Though ATP could have sought dismissal *with* prejudice, the relief requested is dismissal *without* prejudice.

See Ash v. Cvetkov, 739 F.2d 493, 496-97 (9th Cir. 1984) (dismissal without prejudice considered a lesser sanction and therefore "more easily justified"); Childers v. Arpaio, 2009 WL 3756487 at *2 (D. Ariz., Nov. 5, 2009) (dismissal without prejudice imposed as a "less drastic sanction" compared to dismissal with prejudice). By dismissing the counterclaims without prejudice, Avantext ostensibly remains free to litigate its claims, if necessary and appropriate, in a subsequent proceeding. In sum, the salient 41(b) factors counsel the Court that the dismissal of Avantext's counterclaims, insofar as they are based on the '381 Patent, is appropriate under the circumstances presented.

### C. AVANTEXT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO THE '381 PATENT

The Court has concluded that the '381 Patent is no longer part of the complaint. Avantext's motion for summary judgment as to the '381 Patent is therefore DENIED AS MOOT. See Hells Canyon Preservation Council, 403 F.3d at 689-690 (summary judgment motion moot where pleadings had been amended to eliminate claim that was the subject of the motion).

## III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1. ATP's Motion to Amend Complaint and Dismiss Counterclaims without Prejudice is GRANTED.

2. Avantext's Motion for Partial Summary Judgment of Non-Infringement of the '381 Patent is DENIED AS MOOT.

3. This Order terminates Docket Nos. 149 and 163.

IT IS SO ORDERED.

Dated: November 16, 2009

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge