UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AIRCRAFT TECHNICAL PUBLISHERS, a California company,<br><br>Plaintiff,<br><br>vs.<br><br>AVANTEXT, INC, a Pennsylvania corporation,<br><br>Defendant. | Case No: C 07-4154 SBA<br><br>**ORDER GRANTING DEFENDANT AVANTEXT, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-WILLFUL INFRINGEMENT**<br><br>[Docket Nos. 151, 225] |

On August 13, 2007, Plaintiff Aircraft Technical Publishers ("ATP") filed the instant action accusing Defendant Avantext, Inc. ("Avantext") of infringing and willfully infringing two of its patents. The Court has original jurisdiction pursuant to 28 U.S.C. § 1331. The parties are presently before the Court on Defendant Avantext's Motion for Partial Summary Judgment of Non-Willful Infringement. Having read and considered the papers filed in connection with this matter, and for the reasons set forth below, the Court GRANTS Avantext's motion. Pursuant to Federal Rule of Civil Procedure 78(b), the Court adjudicates the instant matter without oral argument.

I.   BACKGROUND

The parties are familiar with the facts of this case, which will be summarized only briefly herein. On January 17, 2003, ATP's counsel sent Avantext a letter proposing that the two companies begin discussions regarding the licensing of U.S Patent Nos. 6,292,806 ("the '806 Patent") and 5,987,474 ("the '474 Patent"), both of which are owned by ATP. (Reilly Decl. Ex A.) In a subsequent letter dated March 13, 2003, ATP identified four Avantext products that ATP insinuated infringed upon the '474 and '806 Patents. Id. Ex B. On April 14, 2003, counsel for Avantext responded with a letter to ATP's counsel in which it stated that

Avantext was not interested obtaining a patent license on the ground that the patents were "weak" and that such licenses have "no commercial value." Id. Ex. C.  The letter opined, inter alia, that the patents were not novel and may have been disclosed by prior art.  Id.[1]  ATP did not respond to this letter.

On August 13, 2007, over four year after Avantext sent its letter, ATP filed the instant patent infringement action against Avantext alleging claims for willful infringement and infringement of the '806 Patent and Patent No. 5,778,381 ("the '381 Patent").  (Docket 1.)[2]  The Court permitted ATP to voluntarily dismiss its claims based on the '381 Patent, and granted ATP's motion to dismiss Avantext's corresponding counterclaims.  (Docket 253.)  On August 25, 2009, Avantext filed the instant motion for summary judgment as to ATP's first claim for willful infringement.  After Avantext filed its reply brief (Docket 200), ATP filed the Supplemental Declaration of Jack Russo in Support of Opposition to Defendant's Motion for Partial Summary Judgment of Non-Willful Infringement ("Supplemental Declaration") (Docket 222). Avantext moves to strike the Supplemental Declaration on the ground that it is unauthorized under the Civil Local Rules.

## II. LEGAL STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The moving party bears the initial burden of demonstrating the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file that establish the absence of a triable issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

---

[1] The Court does not have the complete letter because the attachment to the Reilly declaration is missing one or more pages.

[2] On June 22, 2008, the Court denied Plaintiff's motion for leave to allege infringement claims based on Patent No. 5,987,474.  (Docket 137 at 2-3.)

In Exigent Tech., Inc. v. Atrana Solutions, Inc., 442 F.3d 1301 (Fed. Cir. 2006), the Federal Circuit addressed the proper showing for summary judgment, as set forth in Celotex. The court explained that under the Celotex standard, a party moving for summary judgment need not "'produce evidence' showing the absence of a genuine issue of material fact" on issues for which it does not bear the burden of proof, but need only give notice to the party with the burden of proof that it must come forward with all of its evidence. Exigent Tech., 442 F.3d at 1307-08 (citing Celotex, 477 U.S. at 325-26). Because the patentee bears the ultimate burden of proof on the issue of willfulness, to avoid summary judgment, the patentee must come forward with sufficient evidence to avoid summary judgment on the basis of no willful infringement. See id.; Honeywell Intern. Inc. v. Universal Avionics Systems Corp., 585 F. Supp. 2d 636, 643-44 (D. Del. 2008) (granting summary judgment on willfulness claim where plaintiff failed to present evidence that defendant acted in any objectively unreasonable manner).

## III. DISCUSSION

### A. MOTION FOR PARTIAL SUMMARY JUDGMENT

The Patent Act authorizes the imposition of "damages adequate to compensate for the infringement." 35 U.S.C. § 284. The Act also permits an award of enhanced damages for willful infringement. Id.; King Instruments Corp. v. Perego, 65 F.3d 941, 947 (Fed. Cir. 1995). Previously, the standard for willful infringement was set forth in Underwater Devices Inc. v. Morrison-Knudsen Co., 717 F.2d 1380 (Fed. Cir. 1983). Underwater Devices held that where "a potential infringer has actual notice of another's patent rights, he has an affirmative duty to exercise due care to determine whether or not he is infringing." 717 F.3d at 1389. "Such an affirmative duty includes, *inter alia*, the duty to seek and obtain competent legal advice from counsel before the initiation of any possible infringing activity." Id. at 1390.

In In re Seagate, 497 F.3d 1360 (Fed. Cir. 2007) (en banc), the Federal Circuit expressly overruled Underwater Devices by "changing the standard for a finding of willfulness from one of an affirmative duty of care to one of objective recklessness." Minks v. Polaris Indus., Inc., 546 F.3d 1364, 1380 (Fed. Cir. 2008). Now, "[t]o establish willful infringement, a patentee

must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." Seagate, 497 F.3d at 1371. "If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." Id. "The patentee bears the burden of persuasion and must prove willful infringement by clear and convincing evidence." Golden Blount, Inc. v. Robert H. Peterson Co., 438 F.3d 1354, 1368 (Fed. Cir. 2006).

In its moving papers, Avantext argues that ATP cannot adduce any evidence to show that Avanatext's conduct was objectively reckless. Avantext further argues that it comported itself in an objectively reasonable manner by retaining the services of a patent attorney to analyze the ATP's patents, who then provided a summary of his opinions to ATP. See Finisar Corp. v. DirecTV Group, Inc., 523 F.3d 1323, 1339 (Fed. Cir. 2008) (holding that a competent opinion of counsel concluding either that the alleged infringer did not infringe the patent-in-suit or that it was invalid would provide a sufficient basis for the alleged infringer to proceed without engaging in objectively reckless behavior with respect to the patent-in-suit). In its opposition, ATP offers no evidence showing that Avantext acted in an objectively reckless manner. Instead, ATP's argues that the opinion letter by Avantext's counsel "does not come close to meeting the legal standard for a legal opinion under Underwater Devices v. Morrison-Knudsen Co., Inc. … to satisfy the requirement of a legal opinion sufficient to vitiate willfulness." Pl.'s Opp'n at 1.[3]

ATP's reliance on Underwater Devices is misplaced. In addition to raising the requisite standard necessary to sustain a finding of willfulness, Seagate made it clear that "that there is no affirmative obligation to obtain opinion of counsel." Seagate, 497 F.3d at 1371; Voda v. Cordis Corp., 536 F.3d 1311, 1327 (Fed. Cir. 2008) ("The Seagate decision also clarified that

---

[3] ATP also seems to suggest that Avantext's awareness of the ATP patents is sufficient to show willful infringement. Pl.'s Opp'n at 4. However, "knowledge of a patent does not mean willfulness." Honeywell Intern. Inc., 585 F. Supp. 2d at 644.

there is 'no affirmative obligation to obtain opinion of counsel' in order to avoid liability for willful infringement"); see also Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp., 383 F.3d 1337, 1345 (Fed. Cir. 2004) ("When the defendant had not obtained legal advice, is it appropriate to draw an adverse inference with respect to willful infringement? ¶ The answer, again, is 'no.'").  Thus, whether or not the opinion of Avantext's attorney is sufficient under Underwater Devices is inapposite because Avantext had no obligation to seek the advice of counsel in the first instance.  But even if Avantext's letter were deficient, the fact remains that ATP has failed to present any evidence—let alone clear and convincing evidence—to show that Avantext was objectively reckless.  See Exigent, 442 F.3d at 1308-309 (summary judgment is proper where a patentee "fail[s] to set forth any argument or evidence" in response to an accused infringer's motion for summary judgment).  Avantext is therefore entitled to summary judgment on ATP's claim for willful infringement.

### B. MOTION TO STRIKE SUPPLEMENTAL DECLARATION

After Avantext filed its reply brief, ATP submitted a Supplemental Declaration in support of its opposition to Avantext's summary judgment motion.  Civil Local Rule 7-3 prohibits the submission of any further filings after a reply has been filed, except as follows:

> **(d) Supplementary Material**.  Before the noticed hearing date, counsel may bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed by serving and filing a Statement of Recent Decision, containing a citation to and providing a copy of the new opinion - without argument.  Otherwise, once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval.

Civ. L.R. 7-3(d) (emphasis added).

The Supplemental Declaration is not a Statement of Recent Decision within the meaning of the Civil Local Rule 7-3(d), as it cites no judicial opinion that was published after the close of briefing.  Rather, ATP's submission raises new arguments that ATP did not include in its opposition.  Yet, ATP neither sought nor obtained leave to file the Supplemental

Declaration with the Court, as required by Civil Local Rule 7-3(d). The Court therefore GRANTS Avantext's motion to strike the Supplemental Declaration from the record.[4]

## IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Defendant Avantext's Motion for Partial Summary Judgment of Non-Willful Infringement (Docket 151) is GRANTED.

2. Defendant's Motion to Strike Supplemental Declaration of Jack Russo in Support of Opposition to Defendant's Motion for Partial Summary Judgment of Non-Willful Infringement (Docket 225) is GRANTED. Docket 225 shall be STRICKEN from the record.

IT IS SO ORDERED.

Dated: November 18, 2009

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[4] Even if the Court were to consider the substance of ATP's improperly-filed Supplemental Declaration, the Court would still grant Avantext's motion for summary judgment on the ground that ATP failed to offer any evidence in support of claim for willful infringement.